**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| **DEAN BOONE, individually, and on behalf of all others similarly situated,** | : |
| | : |
| **PLAINTIFF,** | : **Civil Action No.** |
| | : |
| **v.** | : |
| | : **CLASS ACTION COMPLAINT** |
| **T-MOBILE USA, INC.,** | : |
| | : **DEMAND FOR JURY TRIAL** |
| **DEFENDANT.** | : |
| | : |

Plaintiff Dean Boone, by and through his attorneys, The Kim Law Firm, LLC and Profy Promisloff & Ciarlanto, P.C., and on behalf of himself, and the Putative Classes set forth below, and in the public interest, hereby brings the following class action Complaint against Defendant T-Mobile USA, Inc., pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the New Jersey Fair Credit Reporting Act N.J. Stat. 56:11-28 *et seq*. (the "NJ FCRA").

## PRELIMINARY STATEMENT

1.     This case concerns Defendant T-Mobile USA, Inc.'s ("Defendant," "T-Mobile," or the "Company") willful failure to follow federal and state laws designed to, among other things, protect consumers from the unlawful accessing of their sensitive personal information.

2.     T-Mobile provides wireless communications services, including voice, messaging and data.  The Company conducts hard credit checks of potential customers in order to determine plan eligibility *i.e.*, postpaid or prepaid services.

1

3.      However, T-Mobile routinely fails to obtain express consent from consumers prior to engaging in the credit checks.  The hard credit checks result in significant harm, including, but not limited to, decreased credit scores for consumers.

4.      As set forth in further detail below, T-Mobile has knowingly and willfully violated Plaintiff's rights and the rights of other Putative Class members by failing to obtain consent prior to obtaining consumer reports.

5.      Accordingly, Plaintiff, individually, and on behalf of all others similarly situated, seeks to obtain redress for a nationwide class of consumers who have had hard credit checks performed without providing authorization to Defendant, thereby violating the FCRA and the NJ FCRA.

## PARTIES

6.      Individual and representative Plaintiff Dean Boone ("Mr. Boone," "Boone," or "Plaintiff") is a resident of Mahwah, New Jersey.  Mr. Boone is a member of the Putative Classes defined below, and is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

7.      Defendant T-Mobile is a corporation that sells and provides telephone services and devices throughout the country, and is registered to do business in the State of New Jersey, and has designated its registered agent for service as Corporation Service Company at 830 Bear Tavern Road, West Trenton, NJ 08628.  The corporate office for T-Mobile is located at 4 Sylvan Way, Parsippany, NJ 07054.

8.      T-Mobile is a "person" as defined by 15 U.S.C. § 1681a(b).

9.      At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant aided and abetted the acts and omissions alleged herein.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11.     Venue is proper in the District of New Jersey, Newark Vicinage, as Defendant engages in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claim occurred within this District, 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

12.     On or about April 21, 2016, Plaintiff traveled to a T-Mobile store in Paramus, New Jersey and spoke with an employee of Defendant to make a general inquiry about the availability of cell phone plans and rates.

13.     Plaintiff spoke with a store representative at that time, who conducted a credit check without Mr. Boone's knowledge, consent, or authorization.

14.     Plaintiff never signed any agreement and never purchased any telephone services from Defendant.  Plaintiff only subsequently learned that T-Mobile, without authorization to do so, had performed a hard credit inquiry that appeared on his credit report.

15.     T-Mobile has been willfully and knowingly violating the FCRA and NJ FCRA for years, and failed to take any steps to correct its errors.

16.     Consumers have persistently lodged complaints with T-Mobile regarding its violations of the law, without any discernable action taken to come into compliance with the FCRA or the NJ FCRA.

17.     Complaints (of which T-Mobile is specifically aware) are found strewn throughout the public domain, but Defendant has done nothing to remedy the illegal behavior, which persists on a systemic basis.

For example:



https://www.facebook.com/TMobile/posts/10152373344468895

4



https://www.facebook.com/TMobile/posts/10154349054518895



https://www.reddit.com/r/tmobile/comments/3vrl57/why_does_tmobile_keep_doing_hard_credit _inquiries/



squeekster  Oct 20, 2014 5:05 PM

## Appplication denied.....

This question is **Assumed Answered.**

If this is in the wrong forum, please feel free to move it.

I received a letter in the mail today from T-Mobile. In the first sentence, it stated "*Thank you for your recent application with*
*T-Mobile. As we informed you, T-Mobile is unable to approve your application for the service you requested.*"
   **I have no idea what they are talking about. I didn't apply for anything. The only thing I did was used Jump to acquire a different phone. While I was required to make a down payment on the phone, no one ever told me that my application was not approved.**

It also stated that "*The reasons you did not score well compared to other applicants were...*"
   **ARE THEY SERIOUS??!!!  Since when is a credit decision based on comparison to other applicants for phones and/or service?**

The comparisons to other applicants they used were:  My comments are in bold.
  * "Insufficient property value." **Since when does owning or not owning property have anything to do with owning a phone?**
  * "Insufficient evidence of wealth." **So T-Mobile thinks a person needs to be wealthy to get the best rates and prices?**
  * "Date of confirming source update." **I have no idea what this even means.**
  * "Lien/Judgement record found." **I don't have one of those.**

Then it states that my credit score is 845 out of 1000. It says that "*scores range from 1 to 1000*". If that's the case, a score of 845 ain't half bad.

I guess I'm at a real loss just what this is supposed to mean. The only "hard inquiry" on my credit was when I signed up with T-Mobile in August. Even then, no one said anything about not being able to approve my application and I never received a letter like the one I received today.  Any ideas?

3860 Views

https://support.t-mobile.com/thread/80882?start=0&tstart=0

     18.    T-Mobile consistently, without authorization, engages in hard credit inquiries, resulting in decreased credit scores of consumers.

19.     T-Mobile is an established business with access to legal advice through its own general counsel's office and outside counsel, yet still continuously and extensively violates the law even after having been notified of the wrongdoing.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

21.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

22.     Plaintiff has been damaged, and continues to be damaged, in the following ways: (i) decreased credit score; (ii) denial of credit, loans, financing, financing on less favorable terms and/or other damages, not yet known to Plaintiff; (iii) invasion and violation of a protected right as created by Congress in passing the FCRA; and (iv) emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

23.     As such, Plaintiff and the Putative Class member are entitled to damages in the forms set forth below.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff asserts his claim in Count One individually and on behalf of the "Class," defined as follows:

> All persons within the United States who had a hard credit inquiry performed on his or her credit by Defendant who had not previously authorized a hard inquiry within the five years prior to the filing of the Complaint until the date of final judgment in this action.

25.     Plaintiff asserts his claim in Count Two individually and on behalf of the "NJ Sub-Class," defined as follows:

> All persons within New Jersey who had a hard credit inquiry performed on his or her credit by Defendant who had not previously authorized a hard inquiry within the five years prior to the filing of the Complaint until the date of final judgment in this action.

26.     **Numerosity.**  The Class and the NJ Sub-Class (collectively, the "Putative Classes") are so numerous that the individual joinder of all of its members is impracticable.  While the exact number and identities of the Putative Classes members are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that the Putative Classes include thousands of members, which can be ascertained by the records maintained by Defendant.

27.     **Typicality.**  Plaintiff and members of the Putative Classes were harmed by the acts of Defendant in at least the following ways:  Defendant illegally, and without prior authorization, performed a hard inquiry on Plaintiff and the Putative Classes members' credit that resulted in a decrease in Plaintiff and the Putative Class members' creditworthiness, and their access to credit. The FCRA and the NJFCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and T-Mobile treated Plaintiff consistent with other Putative Class members.

28.     **Adequacy.**  Plaintiff is an adequate representative of the Putative Classes.  As a person that had a hard inquiry performed by Defendant on his credit without authorization, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Classes.  Plaintiff has retained counsel competent and experienced in complex class action litigation.

29.   **Commonality.**  Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

a.   Whether Defendant makes hard credit inquiries of consumers without first obtaining authorization to do so;

b.   Whether Defendant's actions violated the FCRA (and NJ FCRA) by failing to obtain authorization to make hard credit inquiries;

c.   The proper measure of statutory and punitive damages; and

d.   The proper form of injunctive and declaratory relief.

30.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual Putative Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

31.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Putative Classes as a whole.

32.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct

described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA and NJ FCRA.  Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

33.     Plaintiff intends to provide notice to all members of the Putative Classes to the extent required by Rule 23.  The name and addresses of the Putative Class members are available from Defendant's records.

34.     Plaintiff represents, and is a member of the Putative Classes, consisting of all persons within the United States who had a hard inquiry performed on his or her credit by Defendant and such person had not previously authorized a hard inquiry within the five years prior to the filing of the Complaint.

35.     Plaintiff represents, and is a member of the New Jersey Sub-Class, consisting of all persons within New Jersey who had a hard inquiry performed on his or her credit by Defendant and such person had not previously authorized a hard inquiry within the five years prior to the filing of this Complaint.

36.     Defendant, its employees and agents, are excluded from the Class and the NJ Sub-Class.  Plaintiff does not know the precise number of members in the Putative Classes, but believes

the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

## CAUSES OF ACTION

### COUNT ONE

**(Asserted on behalf of Plaintiff and the Class)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681 *et seq.***

37.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

38.     Plaintiff is a "consumer" as defined by the FCRA.

39.     T-Mobile is a "person" as defined by the FCRA.

40.     Defendant's conduct violates 15 U.S.C. § 1681n(a)(1)(B) by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiff's credit report in connection with a credit transaction in which he did not authorize to be involved in, and for no other permissible purpose. 15 U.S.C. § 1681b.

41.     The foregoing violation was willful. T-Mobile knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b.

42.     Plaintiff and the Improper Authorization Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

43.     Plaintiff and the Class are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

11

44.     Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT TWO

**(Asserted on behalf of Plaintiff and the NJ Sub-Class)**

**Violation of the New Jersey Fair Credit Reporting Act**

**N.J. Stat.  56:11-28** *et seq*.

45.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

46.     Defendant's conduct violated the NJ FCRA by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiff's credit report in connection with a credit transaction in which he did not authorize to be involved in, and for no other permissible purpose.  N.J. Stat. 56:11-31(f).

47.     The foregoing violation was willful.  T-Mobile knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members.

48.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to N.J. Stat. 56:11-38(a)(1)(a).

49.     Plaintiff and the Class are entitled to punitive damages for these violations, pursuant to N.J. Stat. 56:11-38(a)(2).

50.     Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to N.J. Stat. 56:11-38(a)(3).

## PRAYER FOR RELIEF

51.     WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

    a.   Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

    b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

    c.   Issuing proper notice to the Putative Classes at Defendant's expense;

    d.   Declaring that T-Mobile committed multiple, separate violations of the FCRA and the NJ FCRA;

    e.   Declaring that T-Mobile acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA and NJ FCRA;

    f.   Awarding appropriate equitable relief, including, but not limited to, an injunction forbidding T-Mobile from engaging in further unlawful conduct in violation of the FCRA and the NJFCRA;

    g.   Awarding statutory damages and punitive damages as provided by the FCRA and NJFCRA;

    h.   Awarding reasonable attorneys' fees and costs;

    i.   Awarding Plaintiff and the class treble damages where appropriate; and

    j.   Granting such other and further relief, in law or equity, as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY:     */s/ Richard H. Kim*
Richard Kim, Esquire
Kevin Kotch, Esquire
Drucilla Tigner, Esquire
Attorney I.D. Nos.:
010412005/050341993/155772016
1500 Market St.
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com
kkotch@thekimlawfirmllc.com
dtigner@thekimlawfirmllc.com

PROFY PROMISLOFF & CIARLANTO, P.C.
JOSEPH M. PROFY (ID# 013941995)
JEFFREY J. CIARLANTO (ID# 028762007)
100 N. 22nd Street, Unit 105
Philadelphia, PA 19103
Tel: (215) 259-5156
Fax: (215) 600-2642
profy@prolawpa.com
ciarlanto@prolawpa.com

Attorneys for Plaintiff Dean Boone

Dated:  January 19, 2017

14