CRAIG CARPENITO
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9582
Facsmile: (212) 922-3882
craig.carpenito@alston.com

KRISTINE MCALISTER BROWN
(*Pro Hac Vice* Admission Pending)
ELIZABETH BROADWAY BROWN
(*Pro Hac Vice* Admission Pending)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
kristy.brown@alston.com
liz.brown@alston.com

*Attorneys for Defendant T-Mobile USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEAN BOONE, individually, and on Behalf of all Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | ) Civil No. 2:17-CV-00378<br>)<br>) **MEMORANDUM OF LAW IN**<br>) **SUPPORT OF MOTION TO**<br>) **DISMISS**<br>)<br>) [ORAL ARGUMENT REQUESTED<br>) PURSUANT TO LOCAL RULE 78.1]<br>) |

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     SUMMARY OF THE ALLEGATIONS ........................................................... 2

III.    LEGAL ARGUMENT ........................................................................................ 3

        A.      Legal Standard ....................................................................................... 3

        B.      Plaintiff Lacks Article III Standing ...................................................... 3

        C.      Plaintiff's FCRA Claim Should be Dismissed. ................................... 7

                1.      Plaintiff's False Pretenses Claim Under FCRA Is Improper Against
                        Corporate Entity. ...................................................................... 7

                2.      Plaintiff's FCRA Claim Fails for Additional Reasons. ........... 8

        D.      Plaintiff's New Jersey FCRA Claim Should Be Dismissed. ............... 9

IV.     CONCLUSION ................................................................................................. 11

i

## TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................2, 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................3

*Braitberg v. Charter Comm., Inc.,*
    No. 14-1737, 2016 WL 4698283 (8th Cir. Sept. 8, 2016) .........................4

*Burghy v. Dayton Racquet Club, Inc.,*
    695 F. Supp. 2d 689 (S.D. Ohio 2010) ......................................................7

*Daley v. Haddonfield Lumber Inc.,*
    943 F. Supp. 464 (D.N.J. 1996) ...................................................................8

*Doug Grant, Inc. v. Greate Bay Casino Corp.,*
    232 F.3d 173 (3d Cir. 2000).........................................................................3

*Frazier v. Vintage Stock, Inc.,*
    No. CIV-15-550-D, 2016 WL 6952316 (W.D. Okla. Nov. 28, 2016).......8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (2000)........................................................................................4

*FW/PBS v. City of Dallas,*
    493 U.S. 215 (1990).......................................................................................4

*Gelman v. State Farm Mut. Auto. Ins. Co.,*
    No. CIV.A. 06-5118, 2007 WL 2306578 (E.D. Pa. Aug. 9, 2007), *aff'd*, 583
    F.3d 187 (3d Cir. 2009)...........................................................................1, 8

*Gould Elecs. Inc. v. United States,*
    220 F.3d 169 (3d Cir. 2000).........................................................................3

*Huertas v. Citigroup, Inc.,*
    No. CV 13-2050 (RMB/JS), 2014 WL 10748338 (D.N.J. Aug. 21, 2014) ...............9

*In re Michaels Stores, Inc. Fair Credit Reporting Act (FCRA) Litigation,*
    MDL No. 2615, 2017 WL 354023 (D.N.J. Jan. 24, 2017) ....................5, 6

*Johnson v. Wells Fargo Home Mortg., Inc.,*
    558 F. Supp. 2d 1114 (D. Nev. 2008) ........................................................6

*Landeis v. Future Ford*,
    No. 2:04-CV-2733-MCE-PAN, 2006 WL 1652659 (E.D. Cal. June 14, 2006) ................... 8, 9

*Lascaris v. Griffin Investigations, Inc.*,
    No. CIV.A. 03-2172 (JAG), 2006 WL 54342 (D.N.J. Jan. 10, 2006) ....................................... 6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................................... 3, 4, 6

*Lutz v. Philips Elecs. N. Am. Corp.*,
    347 F. App'x 773 (3d Cir. 2009) ........................................................................................... 11

*Romero v. Dept. Stores Nat'l Bank*,
    No. 15-CV-193-CAB-MDD, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016) ............................. 6

*Slack v. Suburban Propane Partners, L.P.*,
    No. 10-2548 JLL, 2010 WL 3810870 (D.N.J. Sept. 21, 2010) ............................................... 5

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ................................................................................................. 1, 4, 5, 6

## RULES

Federal Rule of Civil Procedure 12(b)(1) ........................................................................... 1, 3

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 1

## STATUTES

15 U.S.C. 1681b(a)(3)(F)(i) .................................................................................................... 9

15 U.S.C. § 1681a(b) .............................................................................................................. 7

15 U.S.C. § 1681b .................................................................................................................. 8

15 U.S.C. §§ 1681b(a)(3)(A) .................................................................................................. 9

Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*) ........................................................... 1

N.J. Stat. § 56:11-29(e) ......................................................................................................... 10

N.J. Stat. §§ 56:11-31(a)(3)(a) .............................................................................................. 10

N.J. Stat. §§ 56:11-38(a)(1)(a), 56:11-38(a)(2) and 56:11 ................................................... 10

N.J. Stat. § 56:11-38(a)(1)(b) ................................................................................................ 10

N.J. Stat. § 56:11-40 .............................................................................................................. 10

New Jersey Credit Reporting Act (N.J. Stat. § 56:11-28 et seq.) ...................................................1

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), T-Mobile USA, Inc. ("T-Mobile") moves to dismiss Plaintiff's Complaint with prejudice for lack of standing and failure to state a claim upon which relief may be granted.

## I.    INTRODUCTION

Plaintiff Dean Boone ("Plaintiff") seeks to represent a sprawling putative nationwide class asserting claims that are inherently individualized and specific to his alleged experience at a T-Mobile store in Paramus, New Jersey.  Plaintiff asserts claims under the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*) ("FCRA") and its state analog, the New Jersey Credit Reporting Act (N.J. Stat. § 56:11-28 et seq.) ("New Jersey FCRA").  These claims, however, are fatally flawed and must be dismissed for the following reasons:

(1) **Plaintiff Lacks Article III Standing.**  Under the Supreme Court's recent decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016)*,* a FCRA Plaintiff must allege an actual, concrete injury flowing from the FCRA and New Jersey FCRA violations he asserts in order to establish Article III standing.  Plaintiff falls short of meeting this requirement.

(2) **False Pretenses Claims Are Improper Against Corporate Entities.**  Plaintiff's false pretenses claims under Section 1681n(a)(1)(B) of the FCRA and Section 56:11-31 of the New Jersey FCRA cannot be asserted against corporate entities like T-Mobile.

(3) **T-Mobile Had a Permissible Purpose to Obtain Plaintiff's Credit Report.**  Even if Plaintiff's FCRA and New Jersey FCRA false pretenses claims are allowed to proceed, the claims still fail as a matter of law because Plaintiff does not allege that T-Mobile made a "calculated attempt to mislead" anyone in connection with obtaining Plaintiff's credit report. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-5118, 2007

1

WL 2306578, at *4 (E.D. Pa. Aug. 9, 2007), *aff'd*, 583 F.3d 187 (3d Cir. 2009).  In fact – as discussed below –T-Mobile had at least two permissible purposes for obtaining Plaintiff's credit report.

None of the aforementioned defects can be cured by amendment.   Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## II.     SUMMARY OF THE ALLEGATIONS[1]

Plaintiff alleges that on or about April 21, 2016, he visited a T-Mobile store in Paramus, New Jersey and spoke with a T-Mobile representative regarding the availability of cell phone plans and rates.  Compl. ¶ 12.  Plaintiff claims that during this conversation a hard inquiry of his credit was conducted, without his "knowledge, consent or authorization." *Id.* ¶ 13.  Plaintiff decided against purchasing any telephone services from T-Mobile at that time. *Id.* ¶ 14.  According to the Complaint, some time later, Plaintiff learned of the credit inquiry when it appeared on his credit report. *Id.*   Plaintiff claims that "T-Mobile consistently, without authorization, engages in hard credit inquiries, resulting in decreased credit scores of consumers;" and seeks to represent a putative nationwide class consisting of:

> All persons within the United States who had a hard credit inquiry performed on his or her credit by [T-Mobile] who had not previously authorized a hard inquiry within the five years prior to the filing of the Complaint until the date of final judgment in this action.

*Id.* ¶ 24.  Plaintiff also seeks to represent a New Jersey subclass defined as:

> All persons within New Jersey who had a hard credit inquiry performed on his or her credit by [T-Mobile] who had not previously authorized a hard inquiry within the five years prior to the filing of the Complaint until the date of final judgment in this action.

---

[1] T-Mobile summarizes the Complaint's allegations because they must be taken as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  T-Mobile does not concede the veracity of the Complaint's allegations.

Compl. ¶ 25.

### III.    LEGAL ARGUMENT

####    A.    Legal Standard

T-Mobile moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff bears the burden of proving that subject matter jurisdiction exists.  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). That burden includes pleading sufficient factual information to support a finding of Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

T-Mobile also moves to dismiss under Rule 12(b)(6) for failure to state a plausible claim on which relief may be granted.  This Court should dismiss Plaintiff's claims if Plaintiff fails to plead sufficient factual allegations "to raise [his] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Claims have "facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plaintiff bears the burden of pleading sufficient facts to state a claim.  The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000).  Likewise, the Court should not assume the truth of legal conclusions merely because they are couched as factual allegations. *Iqbal*, 556 U.S. at 678-79.

####    B.    Plaintiff Lacks Article III Standing.

Under recent United States Supreme Court precedent that is directly on point, Plaintiff's FCRA claims should be dismissed because Plaintiff does not allege facts plausibly establishing that he suffered any actual damages from the procedural statutory violations he asserts.  The

3

Supreme Court recently held, in the context of a FCRA suit, that "as the party invoking federal jurisdiction, [Plaintiff] bears the burden of establishing" the "'irreducible constitutional minimum' of standing," including that he "suffered an injury in fact." *Spokeo*, 136 S. Ct. at 1547 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan*, 504 U.S. at 560-61; *FW/PBS v. City of Dallas,* 493 U.S. 215, 231 (1990)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' and is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).

In *Spokeo*, the Supreme Court specifically analyzed Plaintiff's burden of alleging an injury under the FCRA that is "both concrete *and* particularized." *Id.* The Court explained that a "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way,'" whereas "[a] 'concrete' injury must be '*de facto;*' that is, it must actually exist." *Id.* at 1548. The Court held that Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" and specifically noted that "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Id.* at 1550. Rather, "the plaintiff must 'clearly . . . allege facts demonstrating,'" *id.* at 1547, that "the particular procedural violations alleged . . . entail a degree of risk sufficient to meet the concreteness requirement" of establishing an injury-in-fact to establish Article III standing. *Id.* at 1550. Violation of a statutory right alone fails to constitute an injury-in-fact that is sufficient by itself to establish Article III standing. *Id.* at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."); *see also Braitberg v. Charter Comm., Inc.*, No. 14-1737, 2016 WL 4698283, at * 5 (8th Cir. Sept. 8, 2016) (plaintiff lacked

Article III standing when he alleged that defendant violated statutory duty to destroy his personally identifiable information but failed to identify any concrete harm or material risk of harm resulting from the alleged violation); *In re Michaels Stores, Inc. Fair Credit Reporting Act (FCRA) Litigation*, MDL No. 2615, 2017 WL 354023, at *4 (D.N.J. Jan. 24, 2017) (bare procedural violation insufficient to confer standing in FCRA action).

Plaintiff makes only generalized allegations of harm, claiming that he was damaged and continues to be damaged, by T-Mobile's alleged violation of the FCRA and New Jersey FCRA. Compl. ¶ 22. *Spokeo* requires more. Plaintiff's conclusory allegations of harm are insufficient to establish the injury-in-fact required to confer Article III standing. More specifically:

- Plaintiff claims that he has been damaged by a reduction in his credit score. *Id.* But a decreased credit score in and of itself is insufficient to confer Article III standing. *See Slack v. Suburban Propane Partners, L.P.,* No. 10-2548 JLL, 2010 WL 3810870, at *8 (D.N.J. Sept. 21, 2010) ("Plaintiffs allege merely that Slack has suffered a reduction in his credit score. Such allegations without more, fail to raise the possibility of relief above the speculative level."). This is particularly so given that Plaintiff provides no factual basis for finding a causal connection between the single hard credit inquiry he alleges and his supposed decreased credit score.

- Plaintiff also speculates that he has incurred "[d]enial of credit, loans, financing and/or other damages, *not yet known to Plaintiff* . . . ." Compl. ¶ 22 (emphasis added). Plaintiff does not allege any specific instances in which he actually incurred the denial of credit, loans, or financing as a result of the alleged hard credit inquiry. Nor does he allege any facts that would make such possible future injuries "actual and imminent, not conjectural or hypothetical," as required to establish standing. *See Spokeo* 136 S.Ct. at 1548.

- Plaintiff's claim that he has been damaged by "invasion and violation of a protected right as created by Congress in passing the FCRA" (Compl. ¶ 22) is foreclosed by *Spokeo,* which holds that a bare procedural violation is insufficient as a matter of law to establish standing. *See Spokeo,* 136 S.Ct. at 1550.

- Plaintiff's claim that he has suffered "emotional distress and mental anguish associated with having incorrect "derogatory personal information" transmitted about Plaintiff to other people both known and unknown" is not supported by the facts in the Complaint. There are absolutely no allegations that T-Mobile transmitted any "derogatory personal information" about Plaintiff to anyone. As such, Plaintiff's claim of resulting "emotional distress and mental anguish" is unfounded.

Moreover, Plaintiff fails to allege facts sufficient to establish a causal nexus between the speculative, generalized harms he alleges and T-Mobile's alleged unauthorized hard credit inquiry of his credit. Under the FCRA, plaintiffs are entitled to recover actual damages *only if* they flow *directly* from the statutory violation. *See, e.g., Lujan,* 504 U.S. at 560 (plaintiff must show a "causal connection between the injury and the conduct complained of" that is "fairly traceable to the challenged action of the defendant"); *Romero v. Dept. Stores Nat'l Bank,* No. 15-CV-193-CAB-MDD, 2016 WL 4184099, at *6 (S.D. Cal. Aug. 5, 2016) (finding no standing where the plaintiff's alleged concrete harm was divorced from the alleged statutory violation); *Johnson v. Wells Fargo Home Mortg., Inc.,* 558 F. Supp. 2d 1114, 1119 (D. Nev. 2008) (recognizing need to establish "the causal connection required to link his alleged actual damages to Defendant's violation"). Here, there is nothing in the Complaint to show any causal connection between the (unspecified) harm alleged and T-Mobile's alleged inquiry of Plaintiff's credit. Plaintiff must allege specific, concrete and particularized facts demonstrating that: (i) it was T-Mobile's inquiry that caused harm to his credit score (as opposed to his failure to pay outstanding debts in a timely manner or some other shortcoming on Plaintiff's part); and (ii) that the decreased credit score caused by T-Mobile's inquiry resulted in actual, articulable, concrete injury to him. This he has not done. Consequently, under *Spokeo,* Plaintiff lacks standing to assert his FCRA claim.

For these same reasons, Plaintiff also lacks standing to assert his New Jersey FCRA claim. This Court previously has held that a mere statutory violation of the New Jersey FCRA is insufficient to confer standing without an allegation of actual harm to the plaintiff. *See In re Michaels Stores, Inc., Fair Credit Reporting Act (FCRA) Litig.,* 2017 WL 354023, at *12 (dismissing complaint alleging violations of FCRA and its New Jersey and California state counterparts where Plaintiffs failed to allege an injury in fact); *Lascaris v. Griffin Investigations,*

*Inc.*, No. CIV.A. 03-2172 (JAG), 2006 WL 54342, at *4 (D.N.J. Jan. 10, 2006) (FCRA and New Jersey FCRA claims dismissed where Plaintiff failed to allege an injury in fact resulting from Defendant's actions; "[w]ithout an injury in fact, Plaintiff has failed to show a justiciable case or controversy"). The same result should follow here.

## C.    Plaintiff's FCRA Claim Should be Dismissed.

### 1.    Plaintiff's False Pretenses Claim Under FCRA Is Improper Against Corporate Entity.

Plaintiff claims that T-Mobile violated Section 1681n(a)(1)(B) by obtaining his credit report "under false pretenses or knowingly without a permissible purpose[.]" Compl. ¶ 40. He asserts that T-Mobile improperly obtained his credit report "in connection with a credit transaction in which he did not authorize to be involved in, and for no other permissible purpose." *Id.* Plaintiff bases his claim solely on the allegation that T-Mobile requested his credit report without his consent. But this allegation cannot support a claim against T-Mobile under the FCRA.

Section 1681n(a)(1)(B) of the FCRA provides for civil damages only "in the case of liability of a *natural person* for obtaining a consumer report under false pretenses or knowingly without a permissible purpose." This is in contrast to other sections of the statute, which impose liability on "any person," as opposed to "a natural person." *See, e.g.,* 15 U.S.C. § 1681n(a)(1)(B). Courts have consistently held that a claim under Section 1681n(a)(1)(B) may not be asserted against a corporate entity. *See* 15 U.S.C. § 1681n(a)(1)(B); *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689 (S.D. Ohio 2010) ("While 'person' generally means an individual or a corporate entity under the FCRA, *see* 15 U.S.C. § 1681a(b), a cause of action for obtaining a consumer report under false pretenses or knowingly without a permissible purpose can only lie against a 'natural person.' 15 U.S.C. § 1681n(a)(1)(B)). By distinguishing between the liability of "persons" and "natural persons," the FCRA indicates that a false pretenses claim cannot be asserted

7

against a corporate entity.  *See Frazier v. Vintage Stock, Inc.*, No. CIV-15-550-D, 2016 WL 6952316, at *5 (W.D. Okla. Nov. 28, 2016) (the FCRA "does not authorize liability of a corporate entity such as Defendant" who obtains a consumer report under false pretenses or without a permissible purpose).  Because T-Mobile is not a proper defendant to Plaintiff's Section 1681n claim, the claim must be dismissed.

2.     Plaintiff's FCRA Claim Fails for Additional Reasons.

Even if T-Mobile were a proper defendant to Plaintiff's Section 1681n claim (and it is not), the claim still fails as a matter of law.  "[T]he standard for determining whether a consumer report is acquired under 'false pretenses' is usually defined in terms of the 'permissible purposes' for obtaining those reports which are set forth at 15 U.S.C. § 1681b ."  *Gelman*, 2007 WL 2306578, at *4.  In other words, to establish the requisite false pretenses, Plaintiff must prove the lack of a permissible purpose.  This he cannot do.  To the contrary, Plaintiff's Complaint allegations reveal that T-Mobile had at least two permissible purposes for obtaining Plaintiff's credit report.  As such, Plaintiff's false pretenses claim under the FCRA fails as a matter of law.

The Federal Trade Commission ("FTC"), which is tasked with promulgating the FCRA's implementing regulations, has made clear that Section 1681(b) permits parties to obtain consumer credit reports without the consumers' permission or over their objection as long as the report is obtained for a permissible purpose.  *Landeis v. Future Ford*, No. 2:04-CV-2733-MCE-PAN, 2006 WL 1652659, at *4 (E.D. Cal. June 14, 2006).  Any misrepresentation made in connection with obtaining a consumer's credit report "is non-actionable if the FCRA would permit the requesting party to receive the credit report for an albeit unstated but permissible purpose."  *Daley v. Haddonfield Lumber Inc.*, 943 F. Supp. 464, 467 (D.N.J. 1996).

The permissible purposes for requesting a credit report are found in Section 1681b(a).  Here, at least two permissible purposes existed for obtaining Plaintiff's credit report: (1) T-Mobile

intended to use the information in connection with the potential extension of credit to Plaintiff (*see* Compl. ¶¶ 12, 13 (Plaintiff claims he entered T-Mobile store and spoke with representative about cell phone plans and rates available to him); and (2) T-Mobile obtained Plaintiff's credit report in connection with a business transaction initiated by Plaintiff. *See id*; *see also* 15 U.S.C. §§ 1681b(a)(3)(A); 15 U.S.C. 1681b(a)(3)(F)(i); *Huertas v. Citigroup, Inc.,* No. CV 13-2050 (RMB/JS), 2014 WL 10748338, at *3 (D.N.J. Aug. 21, 2014) ("An entity that intends to use a credit report to inform a potential extension of credit has a permissible purpose to access a consumer's report. *See* 15 U.S.C. § 1681b(a)(3)(A). This is especially true when the credit transaction was initiated by the consumer himself"). T-Mobile was permitted to obtain credit information on Plaintiff once he expressed his desire to enter a business and/or credit transaction with T-Mobile – even without Plaintiff's consent. *See Landeis,* 2006 WL 1652659, at *4 ("Holding that Plaintiff's objections negate a right expressly granted under both the FCRA and its implementing regulations inappropriately reads an authorization requirement into the FCRA that Congress nor the Federal Trade Commission elected to include."). T-Mobile's permissible purposes for obtaining Plaintiff's credit information requires the dismissal of his FCRA claim.

Moreover, Plaintiff's FCRA claim requires him to establish not only that T-Mobile lacked a permissible purpose in obtaining his credit report, but also that T-Mobile made "a calculated attempt to mislead to mislead another" in order to obtain his credit information. *Id.* There are no allegations in the Complaint that T-Mobile made a "calculated attempt to mislead" anyone in connection with obtaining his credit report. And for this reason too, Plaintiff's Section 1681n claim must be dismissed.

### D.    Plaintiff's New Jersey FCRA Claim Should Be Dismissed.

Plaintiff claims T-Mobile violated the New Jersey FCRA "by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiff's credit

report in connection with a credit transaction in which he did not authorize to be involved in, and for no other permissible purpose."[2]  Compl. ¶ 46.  Plaintiff's New Jersey FCRA claim fails for the same reasons Plaintiff's FRCA claim does.

First, Section 56:11-38(a)(1)(b)[3] of the New Jersey FCRA cannot be asserted against a corporate entity like T-Mobile.  That is because, like FCRA, the New Jersey statute only which provides for damages "in the case of liability of a *natural person* for obtaining a consumer report under false pretenses or knowingly without a permissible purpose."   *See* discussion *supra* Section B.2.; N.J. Stat. § 56:11-38(a)(1)(b);  *Contrast* N.J. Stat. § 56:11-40 ("*Any person* who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be guilty of a crime of the fourth degree.") (emphasis added); *with* N.J. Stat. § 56:11-38(a)(1)(b) (providing for damages "in the case of liability of a *natural person* for obtaining a consumer report under false pretenses or knowingly without a permissible purposes") (emphasis added).

Second, T-Mobile had at least two permissible purposes for obtaining Plaintiff's credit report: (1) T-Mobile intended to use the information in connection with a credit transaction involving Plaintiff; and (2) T-Mobile obtained Plaintiff's credit report in connection with a business transaction initiated by Plaintiff.  *See* discussion *supra* Section B.3.; N.J. Stat. §§ 56:11-31(a)(3)(a); 56:11-31(f)(i).  Finally, there are no allegations that T-Mobile attempted to mislead

---

[2] As the purpose of the New Jersey FCRA is to provide additional consumer protection with respect to consumer credit reports and credit reporting agencies consistent with the provisions of the federal FCRA, its provisions should be interpreted consistent with those of the federal act. *See* N.J. Stat. § 56:11-29(e).

[3] Though Plaintiff claims that he seeks damages pursuant to N.J. Stat. §§ 56:11-38(a)(1)(a), 56:11-38(a)(2) and 56:11;38(a)(3) (Compl. ¶¶ 48-50), he does not allege a violation of the New Jersey FCRA that would support a private right of action or any such damages.

Plaintiff or anyone else in connection with obtaining his credit report.  *See* discussion, *supra*

Section B.3.  Accordingly, Plaintiff's New Jersey FCRA claim should be dismissed.

## IV.   CONCLUSION

Leave to amend a complaint should not be granted where amendment would be futile or

where the amended complaint would be subject to dismissal.  *Lutz v. Philips Elecs. N. Am. Corp.*,

347 F. App'x 773, 777 (3d Cir. 2009).  Plaintiff's Complaint is fatally flawed in that no set of facts

exist to confer standing or state a plausible claim for relief.  Accordingly, any attempt to amend

the Complaint would be futile and the amended complaint would be subject to dismissal.  As such,

and for all of the foregoing reasons, T-Mobile respectfully requests that this Court grant its Motion

to Dismiss in its entirety, without leave to amend.

Respectfully submitted this 27th day of February, 2017,

/s/ Craig Carpenito
_____
CRAIG CARPENITO
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9582
Facsmile: (212) 922-3882
craig.carpenito@alston.com

KRISTINE MCALISTER BROWN
(*Pro Hac Vice* Admission Pending)
ELIZABETH BROADWAY BROWN
(Pro Hac Vice Admission Pending)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
kristy.brown@alston.com
liz.brown@alston.com

*Attorneys for Defendant T-Mobile USA, Inc.*

11