## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

|  |  |
|---|---|
| **DEAN BOONE, individually, and on behalf of all others similarly situated,** | : : : |
|  | : **Civil Action No. 2:17-cv-00378** |
| **PLAINTIFF,** | : : |
|  | : **THIRD AMENDED CLASS ACTION** |
| **v.** | : **COMPLAINT** |
|  | : |
| **T-MOBILE USA, INC.,** | : **DEMAND FOR JURY TRIAL** |
|  | : |
| **DEFENDANT.** | : |
|  | : |

Plaintiff Dean Boone, by and through his attorneys, The Kim Law Firm, LLC, Profy Promisloff & Ciarlanto, P.C., Ferrara Law Group, P.C. and on behalf of himself, and the Putative Classes set forth below, and in the public interest, hereby brings the following class action Complaint against Defendant T-Mobile USA, Inc., pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the New Jersey Fair Credit Reporting Act N.J.S.A. 56:11-28, *et seq.* (the "NJ FCRA").

## PRELIMINARY STATEMENT

1. This case concerns Defendant T-Mobile USA, Inc.'s ("Defendant," "T-Mobile," or the "Company") willful accessing of sensitive personal information of consumers in violation of the FCRA and NJ FCRA.

2. T-Mobile provides wireless communications services, including voice, messaging and data. The Company conducts "hard" credit inquiries of potential customers in order to determine plan eligibility.

3. T-Mobile, however, routinely and regularly obtains the credit reports of consumers through "hard" credit inquiries, without any permissible purpose. Further, T-Mobile willfully and

1

knowingly obtains consumer reports from credit reporting agencies under false pretenses by representing to consumers that Defendant will only obtain consumer reports through a "soft" credit inquiry, but instead T-Mobile conducts a "hard" credit inquiry when it obtains consumers' reports.

4.      Accordingly, Plaintiff, individually, and on behalf of all others similarly situated, seeks to obtain redress for a nationwide class of consumers.

## PARTIES

5.      Individual and representative Plaintiff Dean Boone ("Mr. Boone," "Boone," or "Plaintiff") is a resident of Mahwah, New Jersey.  Mr. Boone is a member of the Putative Classes defined below, and is a consumer as that term is defined by 15 U.S.C. § 1681a(c) and N.J.S.A. 56:30-11.

6.      Defendant T-Mobile is a corporation that provides telephone and data services throughout the country, is registered to do business in the State of New Jersey, and has designated its registered agent for service as Corporation Service Company at 830 Bear Tavern Road, West Trenton, NJ 08628.  The corporate office for T-Mobile is located at 4 Sylvan Way, Parsippany, NJ 07054.  T-Mobile is a "person" as defined by 15 U.S.C. § 1681a(b) and N.J.S.A. 56:11-30.

7.      At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant aided and abetted the acts and omissions alleged herein.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

9.      This Court has supplemental jurisdiction over Plaintiff's NJ FCRA claim pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in the District of New Jersey, Newark Vicinage, as Defendant engages in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claim occurred within this District, 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

11.     On or about April 21, 2016, Plaintiff traveled to a T-Mobile store in Paramus, New Jersey and spoke with an employee of Defendant to make a general inquiry about the availability of cell phone plans and rates.

12.     Plaintiff made clear that he did not want his consumer report to be accessed if a "hard" credit inquiry was required.

13.     The distinction between a "soft" and "hard" credit inquiry is substantial. Specifically, a "hard" inquiry reduces a consumer's credit score, remains on credit reports for two years, and contains substantially more information (that is confidential and personal) than a "soft" inquiry.  Further a "soft" inquiry does not appear on a credit report to any inquiring party[1], and does not lower an individual's credit score.  See 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(c).

14.     Moreover, a "hard" inquiry reduces a consumer's credit score, and remains on credit reports for two years, while a "soft" inquiry does neither.

15.     The representative agreed that T-Mobile would only obtain Plaintiff's credit report through a "soft" inquiry, and not a "hard" inquiry.

16.     Plaintiff did not initiate a transaction, and T-Mobile had no permissible purpose to obtain Plaintiff's credit report.  Thus, T-Mobile was required to, but did not receive written

---

[1]     A "soft" inquiry is only visible to the individual whom the credit report relates.  As such, no inquiring party is able to view the "soft" inquiries, especially the number of soft inquiries that has occurred.

3

instructions from Plaintiff, as required pursuant to 15 U.S.C. 1681b(a)(2) of the FCRA, prior to accessing Plaintiff's consumer report.

17.     Plaintiff never signed any agreement and never agreed to any services from Defendant.  Plaintiff only subsequently learned that T-Mobile, without written authorization to do so, had obtained his credit report through a "hard" credit inquiry that appeared on his credit report.

18.     Indeed, it is well established that merely inquiring about the possibility of a future transaction, or shopping for rates, is insufficient to satisfy the requirement of the FCRA to initiate the kind of full credit inquiry that is allowed when a consumer has initiated a transaction.

19.     Over fifteen years ago, the FTC opined that a customer who "'comes to an automobile dealership and requests information' from a salesman about one or more automobiles" had not initiated a transaction sufficient to allow the dealership to pull a credit report.  FTC Letter to Coffey (Feb. 11, 1998), available at http://www.ftc.gov/policy/advisoryopinions/advisory-opinion-coffey-02-11-98, and attached as Exhibit "A".

20.     T-Mobile has routinely and systematically obtained credit reports on prospective customers with no permissible purpose or written consent, and does so under false pretenses, resulting in "hard" credit inquiries.

21.     T-Mobile continuously obtains full consumer reports under false pretenses by intentionally misleading consumers into believing T-Mobile will not perform a "hard" credit inquiry.  T-Mobile then proceeds with conducting a "hard" inquiry, which is recorded on T-Mobile's customers' consumer reports, resulting in a disclosure of unauthorized private information as well as a reduction in credit score.

22.     Complaints are found strewn throughout the public domain, but Defendant has done nothing to remedy the illegal behavior, which persists on a systemic basis.  For example:

4



https://www.facebook.com/TMobile/posts/101543490545



https://www.reddit.com/r/tmobile/comments/3vrl57/why_does_tmobile_keep_doing_hard_credit_inquiries/



https://www.facebook.com/TMobile/posts/10152373344468895

https://www.facebook.com/TMobile/posts/10154349054518895



**squeekster** Oct 20, 2014 5:05 PM

# Appplication denied.....

This question is **Assumed Answered.**

If this is in the wrong forum, please feel free to move it.

I received a letter in the mail today from T-Mobile.  In the first sentence, it stated "*Thank you for your recent application with*
*T-Mobile.  As we informed you, T-Mobile is unable to approve your application for the service you requested.*"
    **I have no idea what they are talking about.  I didn't apply for anything.  The only thing I did was used Jump to acquire a different phone.  While I was required to make a down payment on the phone, no one ever told me that my application was not approved.**

It also stated that "*The reasons you did not score well compared to other applicants were...*"
    **ARE THEY SERIOUS??!!!  Since when is a credit decision based on comparison to other applicants for phones and/or service?**

The comparisons to other applicants they used were:  My comments are in bold.
  - "Insufficient property value." **Since when does owning or not owning property have anything to do with owning a phone?**
  - "Insufficient evidence of wealth."  **So T-Mobile thinks a person needs to be wealthy to get the best rates and prices?**
  - "Date of confirming source update." **I have no idea what this even means.**
  - "Lien/Judgement record found." **I don't have one of those.**

Then it states that my credit score is 845 out of 1000.  It says that "*scores range from 1 to 1000*".  If that's the case, a score of 845 ain't half bad.

I guess I'm at a real loss just what this is supposed to mean.  The only "hard inquiry" on my credit was when I signed up with T-Mobile in August.  Even then, no one said anything about not being able to approve my application and I never received a letter like the one I received today.  Any ideas?

3860 Views

https://support.t-mobile.com/thread/80882?start=0&tstart=0

23.     T-Mobile is an established business with access to legal advice through its own general counsel's office and outside counsel, yet still continuously and extensively violates the law even after having been notified of the wrongdoing.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

7

25.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

26.     As a result of Defendant's conduct, the Plaintiff and members of the Putative Classes have suffered concrete injuries.  In addition to having their privacy invaded, informational injuries, reduction in credit scores (inquiries for which remain on credit reports for two years), Plaintiff and members of the Putative Classes have had their personal identifying information unnecessarily disseminated to the Defendant, and, upon information and belief to its related information-sharing affiliates.  Defendant has subjected consumer class members to increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify rendering the recovery of class statutory damages ideal and appropriate.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff asserts his claim in Count One individually and on behalf of the "FCRA Impermissible Purpose Class" defined as follows:

> **FCRA Impermissible Purpose Class.** All persons within the United States who had a hard credit inquiry performed on his or her credit by Defendant who had not authorized a hard inquiry, thereby obtaining a persons' credit report without any permissible purpose, within the five years prior to the filing of the Complaint until the date of final judgment in this action.

28.     Plaintiff also asserts his claim in Count One individually and on behalf of the "FCRA False Pretense Class":

> **FCRA False Pretense Class.** All persons within the United States who had a hard credit inquiry performed on his or her credit by Defendant who had not previously authorized a hard inquiry, and without permissible purpose, whose credit reports were obtained

under false pretenses, within the five years prior to the filing of the Complaint until the date of final judgment in this action.

29.     Plaintiff asserts his claim in Count Two individually and on behalf of the "NJ Impermissible Purpose Class" defined as follows:

> **NJ FCRA Impermissible Purpose Class**. All persons within New Jersey who had a hard credit inquiry performed on his or her credit by Defendant, who had not authorized a hard inquiry, thereby obtaining a persons' credit report without any permissible purpose, within the five years prior to the filing of the Complaint until the date of final judgment in this action.

30.     Plaintiff also asserts his claim in Count Two individually and on behalf of the "FCRA False Pretense Class":

> **NJ FCRA False Pretense Class.** All persons within New Jersey who had a hard credit inquiry performed on his or her credit by Defendant who had not previously authorized a hard inquiry, and without permissible purpose, whose credit reports were obtained under false pretenses, within the five years prior to the filing of the Complaint until the date of final judgment in this action.

31.     **Numerosity.**   The members of the Putative Classes are so numerous that the individual joinder of all of its members is impracticable.  While the exact number and identities of the members of the Putative Classes are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that the Putative Classes include thousands of members, which can be ascertained by the records maintained by Defendant.

32.     **Typicality.**  Plaintiff and members of the Putative Classes were harmed by the acts of Defendant in at least the following ways: Defendant routinely accesses consumer credit reports of prospective customers and with no permissible purpose.   Moreover, Defendant routinely represents that it will only obtain credit reports through "soft" inquiries, but instead obtained the credit reports of Plaintiff and the Putative Class members through "hard" inquiries.   The FCRA

9

and NJ FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Putative Classes, and T-Mobile treated Plaintiff consistent with other members of the Putative Classes.

33.    **Adequacy.**  Plaintiff is an adequate representative of the Putative Classes.  As a person who had his credit report obtained by Defendant without any permissible purpose and under false pretenses, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Classes.  Plaintiff has retained counsel competent and experienced in complex class action litigation.

34.    **Commonality.**  Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

    a.   Whether Defendant obtained consumer reports without a permissible purpose and without written authorization;

    b.   Whether Defendant obtained consumer reports without a permissible purpose and without written authorization, and under false pretenses by representing to the consumer that credit reports would be obtained through "soft" inquiries, when in fact credit reports were obtained through "hard" inquiries;

    c.   Whether Defendant's actions violated the FCRA and NJ FCRA by obtaining consumer reports through false pretenses by representing to the consumer that they were obtaining credit reports through "soft" inquiries, when credit were obtained through "hard" inquiries;

    d.   The proper measure of statutory and punitive damages; and

    e.   The proper form of injunctive and declaratory relief.

35.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual Putative Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

36.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Putative Classes as a whole.

37.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA and NJ FCRA.  Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In

the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

38.     Plaintiff intends to provide notice to all members of the Putative Classes to the extent required by Rule 23.  The name and addresses of the Putative Class members are available from Defendant's records.

39.     Plaintiff represents, and is a member of the Putative Classes, consisting of all persons within the United States who had a hard inquiry performed on his or her credit by Defendant and such person had not previously authorized a hard inquiry within the five years prior to the filing of the Complaint.

## CAUSES OF ACTION

### COUNT ONE

**(Asserted on behalf of Plaintiff and the FCRA False Pretense Class and FCRA Impermissible Purpose Class)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681 *et seq.***

40.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

41.     Plaintiff is a "consumer" as defined by the FCRA.

42.     T-Mobile is a "person" as defined by the FCRA.

43.     Defendant's conduct violates both 15 U.S.C. § 1681q and 15 U.S.C. § 1681b by obtaining a consumer report under false pretenses by intentionally misleading Plaintiff, or knowingly without a permissible purpose and without authorization from Plaintiff, or permissible purpose.

44.     The foregoing violations were willful.  T-Mobile knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b.

45.     Plaintiff and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

46.     Plaintiff and the Classes are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

47.     Plaintiff and the Classes are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT TWO

### (Asserted on behalf of Plaintiff and the NJ FCRA False Pretense Class NJ FCRA Impermissible Purpose Class)

### Violation of the New Jersey Fair Credit Reporting Act

### N.J.S.A. 56:11-28, *et seq*.

48.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

49.     Defendant's conduct violated the NJ FCRA by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiff's credit report in connection with a credit transaction in which he did not authorize to be involved in, and for no other permissible purpose.  N.J.S.A. 56:11-31a; N.J.S.A 56:11-40.

50.     The foregoing violations were willful.  T-Mobile knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members.

13

51.     Plaintiff and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to N.J. Stat. 56:11-38a(1)(a).

52.     Plaintiff and the Classes are entitled to punitive damages for these violations, pursuant to N.J. Stat. 56:11-38a(2).

53.     Plaintiff and the Classes are further entitled to recover their costs and attorneys' fees, pursuant to N.J. Stat. 56:11-38a(3).

## PRAYER FOR RELIEF

54.     WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

a.  Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b.  Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c.  Issuing proper notice to the Putative Classes at Defendant's expense;

d.  Declaring that T-Mobile committed multiple, separate violations of the FCRA and the NJ FCRA;

e.  Declaring that T-Mobile acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA and NJ FCRA;

f.  Awarding appropriate equitable relief, including, but not limited to, an injunction forbidding T-Mobile from engaging in further unlawful conduct in violation of the FCRA and the NJ FCRA;

g.  Awarding statutory damages and punitive damages as provided by the FCRA and

    NJ FCRA;

h.  Awarding reasonable attorneys' fees and costs;

i.  Awarding Plaintiff and the class treble damages where appropriate; and

j.  Granting such other and further relief, in law or equity, as this Court may deem just

    and appropriate.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY:      */s/ Richard H. Kim*
         Richard Kim, Esquire
         Attorney I.D. No.: 010412005
         1500 Market St.
         Centre Square – West Tower
         Suite W-3110
         Philadelphia, PA 19102
         Ph. 855-996-6342/Fax 855-235-5855
         rkim@thekimlawfirmllc.com

         PROMISLOFF & CIARLANTO, P.C.
         JEFFREY J. CIARLANTO (ID# 028762007)
         5 Great Valley Parkway, Suite 210
         Malvern, Pennsylvania 19355
         Tel: (215) 259-5156/Fax: (215) 600-2642
         ciarlanto@prolawpa.com

         FERRARA LAW GROUP, P.C.
         Kevin J. Kotch, Esquire
         Attorney ID No. 050341993
         50 West State Street, Suite 1100
         Trenton, NJ 08608
         Ph. 609-57103742/Fax 609-498-7440
         kevin@ferraralawgp.com

         *Attorneys for Plaintiff Dean Boone*